UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMAN HASIK, ET AL                      CIVIL ACTION

VERSUS                                   NO: 06-6330

STATE FARM INSURANCE COMPANY,            SECTION: "J" (1)
ET AL

**ORDER AND REASONS**

Before the Court is Defendant State Farm Fire and Casualty Company's **Motion to Strike the Testimony of Sergeant Greg Hauck and Frank Assevado (Rec. Doc.33),** Defendant's **Motion in Limine to Exclude the Testimony of Ashton Avengo (Rec. Doc. 34)**, and Defendant's **Motion in Limine to Exclude the Testimony of Johann Palacios (Rec. Doc. 35).**

These motions, which were opposed, were set for hearing on September 19, 2007 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that these motions should be denied.

**Background Facts**

Following the loss of Plaintiffs' property due to Hurricane Katrina, Defendant limited recovery to the flood policy limits after it determined that the flood water/storm surge rather than the wind was the cause of the damage.  Plaintiffs brought suit seeking to recover the homeowners' policy proceeds for their residence and its contents.

**Discussion**

**Johann Palacios:**

Plaintiffs seek to introduce the expert engineering report and expert witness testimony of Johann Palacios to establish the causation of the damage to Plaintiffs—i.e., wind versus flood. Defendant seeks to exclude the testimony of Palacios arguing that he lacks the training and qualifications to testify as an expert witness.  Specifically, Defendant points to Palacios' dearth of experience in wind versus flood cause of loss analysis.  Also, Defendant notes that "Palacios' inspections and methods seem rushed" and based on flawed data.

Whatever deficiencies in Palacios' report and testimony, they do not so offend the <u>Daubert</u> reliability standard so as to preclude their admission.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of

attacking shaky but admissible evidence." <u>Daubert v. Merrell Dow Pharms.</u>, 509 U.S. 579, 596 (U.S. 1993).

Furthermore, Plaintiffs argue that Defendant failed to timely file its motion, as per the Court's Pre-Trial Order dated May 10, 2007. Defendant counters that its motion was timely or, in the alternative, was filed late due to Defendant's excusable neglect.

The Scheduling Order specified that all pre-trial motions must be filed in sufficient time to permit a hearing no later than September 14, 2007. As the hearing for this motion is now set for September 19, the defendant did not file in time for a hearing within the specified time range.

Therefore, for the above-mentioned reasons, Defendant's Motion in Limine to Exclude the Testimony of Johann Palacios should be denied and the testimony of Johann Palacios admitted.

**Ashton Avengo:**

Defendant seeks to the exclude the testimony of Avengo arguing that his opinions and methodology do not meet the reliability threshold required under <u>Daubert</u> and <u>Kumho</u>. Defendant argues that Avengo's report and testimony are not based on any independent investigation, but instead are based on review of Palacios' engineering report, photographs of the site, and some meteorological data and studies. Whatever deficiencies in

Avengo's report and testimony, they do not so offend the <u>Daubert</u> reliability standard or Fed. R. Evid. 702 so as to preclude their admission.

Like the motion to exclude the testimony of Johann Palacios, Plaintiffs object to Defendant's untimely filing of this motion.

Therefore, for the above-mentioned reasons, Defendant's Motion in Limine to Exclude the Testimony of Ashton Avengo should be denied and the testimony of Ashton Avengo admitted.

**Sergeant Greg Hauck and Frank Assevado:**

Defendants seeks to exclude the affidavits and testimony of Sergeant Gregory Hauck and Frank Assevado on the ground that: (1) Defendant has not had the opportunity to depose these witnesses, (2) the affidavit of Sergeant Hauck was submitted by Johann Palacios at his deposition and not in response to discovery, and (3) the testimony will not assist the trier of fact in determining the facts of this case.  Defendant fails to show any legal basis for denying the lay witness testimony.  Any deficiencies in the witnesses' affidavits can be explored through cross-examination.

Again, like the motion to exclude the testimony of Johann Palacios and Frank Assevado, Plaintiffs object to Defendant's untimely filing of this motion.  However, unlike motions in limine for experts, which had to be set for hearing no later than

September 14, 2007, all other motions in limine have a deadline of October 22, 2007.

Therefore, Defendant's motion is not untimely. All the same, for the reasons listed, Defendant's Motion to Strike the Testimony of Sergeant Greg Hauck and Frank Assevado should be denied. Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Strike the Testimony of Sergeant Greg Hauck and Frank Assevado (Rec. Doc.33),** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion in Limine to Exclude the Testimony of Ashton Avengo (Rec. Doc. 34)** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's **Motion in Limine to Exclude the Testimony of Johann Palacios (Rec. Doc. 35)** should be and hereby is **DENIED.**

New Orleans, Louisiana this 1st day of October, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE